J-S24036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LOU ANN PARSONS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROSE VALLEY PARTNERSHIP, INC., THE | : | |
| ARC OF LEHIGH & NORTHAMPTON | : | |
| COUNTIES, a/k/a ARC OF LEHIGH & | : | |
| NORTHAMPTON COUNTIES, RUSTY | : | |
| SMITH EXCAVATING & PAVING, INC., | : | |
| | : | |
| Appellees | : | No. 3157 EDA 2014 |

Appeal from the Order entered on October 3, 2014
in the Court of Common Pleas of Lehigh County,
Civil Division, No. 2013-C-1579

BEFORE:  GANTMAN, P.J., ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED MAY 12, 2015**

Lou Ann Parsons ("Parsons") appeals from the trial court's Order sustaining the Amended Preliminary Objections of Rose Valley Partnership, Inc. ("Rose Valley"), the Supplemental Preliminary Objections of Rusty Smith Excavating & Paving, Inc. ("Rusty Smith"), and dismissing the Preliminary Objections of The ARC of Lehigh & Northampton Counties, a/k/a ARC of Lehigh & Northampton Counties ("ARC"), as moot.  In its Order, the trial court also struck Parsons's Writ of Summons and dismissed her Complaint. We affirm.

The trial court set forth the relevant underlying facts as follows:

In May of 2011, [Rose Valley] was the owner and lessor of a building located in Lehigh County at 2298 Avenue A, Allentown,

Pennsylvania. [ARC] was an entity registered to do business in Pennsylvania at that location. [Rusty Smith] was an excavating and paving company [that] was engaged in the maintenance and management of the property located at the address.

On or about May 6, 2011, [Parsons] was walking on the parking lot in the rear of the mentioned property. [Parsons] claimed that the paved parking lot was several inches higher than an unpaved area that contained no warnings; she fell and had resulting injuries. [Parsons] argues that the unlevel parking lot was in a dangerous and unsafe condition because it was carelessly and negligently permitted to exist beyond the time required for its discovery.

… [Parsons] commenced [an] action by filing a Praecipe for Writ of Summons on May 3, 2013, three days before the running of the statute of limitation.[1] Thereafter, a Praecipe to Reissue the Writ was filed on May 17, 2013; June 17, 2013; July 17, 2013; August 16, 2013; September 16, 2013; October 16, 2013; November 15, 2013; December 16, 2013; January 15, 2014; February 14, 2014; and March 18, 2014. The Complaint was finally filed on March 31, 2014. … [N]o attempt to serve [Rose Valley, Rusty Smith, and ARC (collectively "the Defendants")] was made [until April 2014, following the filing of the Complaint]. [Parsons] did not deliver the Writ to the sheriff for service and explained that the delay or lack of service upon the Defendants was because counsel needed more time to prepare the case. …

Although there was no direct contact with [the] Defendants, [Parsons] contacted [the] Defendants' liability carriers on or about January 28, 2014. [Parsons] … awaited response from the insurance carriers until February 2014[,] and then proceeded to file the Complaint.

Trial Court Opinion, 10/3/14, at 3-4 (footnotes and citations omitted, footnote added).

_____

[1] *See* 42 Pa.C.S.A. § 5524(7) (stating that "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, …" must be commenced within two years).

On April 16, 2014, Parsons filed a Praecipe to Reinstate a Complaint. In response, the Defendants each filed Preliminary Objections. Subsequently, Rose Valley filed Amended Preliminary Objections and Rusty Smith filed Supplemental Preliminary Objections. The Defendants sought to dismiss Parsons's claims for her failure to make a reasonable effort to effectuate service upon the Defendants and place them on notice of the suit. Following a hearing, the trial court sustained the Amended Preliminary Objections of Rose Valley and the Supplemental Preliminary Objections of Rusty Smith, dismissed as moot ARC's Preliminary Objections, and ordered Parsons's Writ of Summons stricken and the Complaint dismissed.

Parsons filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Parsons raises the following questions for our review:

1. Did the trial court [err] in requiring [Parsons] to serve a Writ of Summons, within 30 days of filing, on [] Rusty Smith[,] who had moved and left no forwarding address?

2. Did the trial court [err] in placing the burden of proof on [Parsons] to show that [the Defendants] suffered harm from the delay in service?

3. Did the trial court [err] in not considering the evidence presented at the **McCreesh v. City of Philadelphia**, [888 A.2d 664 (Pa. 2005)] hearing?

4. Did the trial court [err] in assuming a fact not in evidence when it said the scene of the accident had changed?

5. Did the trial court [err] when it scheduled the **McCreesh** hearing to take place within seven days[,] denying

[Parsons] an opportunity to conduct discovery and subpoena witnesses?

6. Did the trial court [err] when it allowed [the Defendants] to be absent from the **McCreesh** hearing?

7. Did the trial court [err] when it demanded additional argument on the Preliminary Objections at the **McCreesh** hearing[,] without giving [Parsons] notice[,] and allowed the [Defendants] to discuss uncited law that was not contained in the briefs?

8. Did the trial court [err] when it allowed [ARC] to amend its brief months after argument[,] without requesting permission from the court?

9. Did the trial court [err] when it ended its normal practices of dismissing **Lamp v. Heyman**, [366 A.2d 882 (Pa. 1976)] Preliminary Objections without argument or hearing?

10. Did the trial court [err] when it improperly struck [Parsons's] Writ of Summons and dismissed [Parsons's] Complaint using the **Lamp** test of service rather than the **McCreesh** test of notice and harm?

11. Did the trial court [err] when it improperly struck [Parsons's] Writ of Summons and dismissed [Parsons's] Complaint without ruling on the Preliminary Objections of [ARC]?

12. Did the trial court [err] when it considered the Preliminary Objections of [] Rusty Smith and [ARC] that were untimely?

13. Did the trial court [err] when it placed burdens on [Parsons] to take actions prior to the filing of the Writ of Summons?

14. Did the trial court [err] when it did not consider the public interest of encouraging the settlement of such cases?

15. Did the trial court [err] when [it] failed to [e]nlarge the [t]ime [p]eriod [i]nitially [s]pecified or [p]ermit an [a]mended or [s]upplemental [s]tatement to be filed because the transcript in this matter is not prepared[, and

Parsons] paid the Court Reporter the required fee when the Notice of Appeal was filed?

Brief for Appellant at 2-5.

We review of a challenge to a trial court's grant of preliminary objections under the following standard:

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted).

Preliminarily, we note that in her brief, Parsons has set forth single paragraph arguments relating to claims four, five, six, eleven, thirteen, fourteen, and fifteen, that are not fully developed and that lack citations to any case law. It is well-settled that "[t]he argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (citation omitted); *see also*

Pa.R.A.P. 2119(a) (stating that the argument should include "such discussion and citation of authorities as are deemed pertinent."). An argument that fails to cite to relevant case or statutory authority "constitutes waiver of the claim on appeal." *In re Estate of Whitley*, 50 A.3d at 209. Thus, based upon Parsons's failure to cite any legal authority in support of these bald arguments, we deem the claims waived on appeal. *See id*. at 210.

In her first, second, third, and tenth claims, Parsons raises issues related to the trial court's grant of the Defendants' various preliminary objections for failing to provide proper notice of Parsons's action. Parsons contends that the trial court erred in requiring her to serve the Writ of Summons on Rusty Smith within 30 days of filing. Brief for Appellant at 8. Parsons argues that Rusty Smith moved and did not leave a forwarding address. *Id*. Parsons asserts that serving the Writ of Summons without the benefit of an address constitutes a waste of money and time. *Id*. at 9.

Parsons also contends that the trial court erred in placing the burden of proof on her to demonstrate that the Defendants suffered harm from the delay in service. *Id*. Parsons further argues that at the hearing, the trial court should have considered evidence, including that she had retained counsel shortly before the statute of limitations expired and that counsel was preparing the case. *Id*. at 10. Parsons asserts that her counsel also sent

the Writ of Summons to the Defendants' insurance carriers, as evidence that the Defendants had notice of the action. *Id*.

Parsons additionally claims that the trial court erred when it struck her Writ of Summons and dismissed her Complaint under the test set forth in *Lamp*. *Id*. at 13. Parsons asserts that the trial court should have utilized the test set forth in *McCreesh*, which required a finding of no actual notice and prejudice to the Defendants. *Id*. at 14.

Pennsylvania Rule of Civil Procedure 401 dictates the period within which service is to be made:

> (a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.
>
> (b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.
>
> (2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.
>
> ***
>
> (4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution.
>
> (5) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and

- 7 -

as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

Pa.R.C.P. 401 (note omitted).

Our Court has set forth the relevant legal precepts regarding effectuation of service of original process as follows:

[P]ursuant to **Lamp**, and **Farinacci v. Beaver County Industrial Development Authority**, 510 Pa. 589, 511 A.2d 757 (1986), th[e] service of original process completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service. **Moses v. T.N.T. Red Star Express**, 725 A.2d 792 (Pa. Super. 1999), *appeal denied*, 559 Pa. 692, 739 A.2d 1058 (1999). "What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." **Id**. at 796; **Devine v. Hutt**, 863 A.2d 1160, 1168 (Pa. Super. 2004) (citations omitted). "[W]here noncompliance with **Lamp** is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." **Farinacci** at 594, 511 A.2d at 759.

In making such a determination, we have explained:

It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of **Lamp** will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in **Lamp** to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.

**Devine, supra** at 1168 (quoting **Rosenberg v. Nicholson**, 408 Pa.Super. 502, 597 A.2d 145, 148 (1991), *appeal denied*, 530 Pa. 633, 606 A.2d 903 (1992)). "[A]lthough there is no mechanical approach to be applied in determining what

- 8 -

constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable." ***Bigansky v. Thomas Jefferson University Hospital***, 442 Pa.Super. 69, 658 A.2d 423, 433 (1995), *appeal denied*, 542 Pa. 655, 668 A.2d 1119 (1995).

***

[Our Supreme Court's recent decision in ***McCreesh*** clarified "what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action." ***McCreesh***, 888 A.2d at 665.] The Court reviewed the rules set forth in ***Lamp*** and ***Farinacci*** as well as the appellate decisions which followed. It also reiterated the well-established principle that the "purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." [***Id***. at 671] (citation omitted). The Court further observed that, "once the action has been commenced, the defendant must be provided notice of the action in order for the purpose of the statutes of limitations to be fulfilled." [***Id***. at 671]. It quoted ***Lamp's*** holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." [***Id***. at 672] (quoting ***Lamp*** at 478, 366 A.2d at 889). The Court also noted that it had "subtly altered" its holding in ***Lamp*** in ***Farinacci*** by "requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'" ***McCreesh*** at 224, 888 A.2d at 672 (quoting ***Farinacci*** at 594, 511 A.2d at 759). The inquiry into "whether a plaintiff acted in good faith lies within the sound discretion of the trial court." ***McCreesh*** at 224, 888 A.2d at 672.

The ***McCreesh*** Court explained that it was "merely reanimating the purpose" of ***Lamp***, and it approved of an approach which would dismiss a plaintiff's complaint where he or she either "demonstrated an intent to stall the judicial machinery" or where his or her noncompliance with the procedural rules resulted in prejudice. ***Id***. at 227, 888 A.2d at 674. In other words, the Court concluded that where a plaintiff "has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice," noncompliance with the Rules would be excused under ***Lamp***. ***Id***. at 227, 888 A.2d at 674.

- 9 -

*Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 124-26 (Pa. Super. 2007).

Contrary to Parsons's argument, *McCreesh* did not overrule *Lamp*, but instead clarified "what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action." *McCreesh*, 888 A.2d at 665; *see also id*. at 672. In the instant case, the record reflects that Parsons never requested service of the Writ of Summons by the sheriff when it was initially filed or the eleven times it was reinstated. *See* Trial Court Opinion, 10/3/14, at 8 (finding that there was no evidence of *any* effort by Parsons to provide timely service of the Writ of Summons upon the Defendants). There is no evidence that Parsons provided a copy of the Writ to the Defendants by any other manner, or otherwise put the Defendants on notice of the action until approximately one year after the statute of limitations had expired, when a copy of the Complaint was served on the Defendants. *See Moses*, 725 A.2d at 797 (stating that "[t]aking no steps whatsoever to serve the writ of summons once having filed a praecipe for its issuance renders subsequent efforts to initiate the cause of action after the statute of limitations has run a 'nullity.'").

Moreover, Parsons's argument that her dealings with the insurance companies, which transpired following the expiration of the statute of limitations, put the Defendants on actual notice of the litigation is without merit. *See Ferrara v. Hoover*, 636 A.2d 1151, 1153 (Pa. Super. 1994)

(concluding that there is no merit to appellant's contention that "communication between appellant and appellees' insurance adjuster serves as a substitute for actual service of process."). Even assuming that the insurance companies qualify as Defendants' agents, actual notice of the potential for litigation is not sufficient; the Defendants must have actual notice of the commencement of litigation to satisfy the *Lamp* rule. *See McCreesh*, 888 A.2d at 672 n.17 (observing that claims could be dismissed where the defendant "had notice of the potential for litigation, [but] it did not have actual notice of the commencement of the litigation within the statute of limitations period."); *Englert*, 932 A.2d at 127 (same). Although Parsons justifies the delay in service based on Rusty Smith's change of address and the late hiring of her attorney, Parsons never made a good faith attempt to serve the Defendants and her lack of diligence demonstrated an intent to stall the judicial machinery. *See Englert*, 932 A.2d at 126-27 (concluding that the plaintiffs' inaction in properly serving the writ upon the defendant prior to the expiration of the statute of limitations demonstrated an intent to stall the judiciary machinery); *Devine*, 863 A.2d at 1168 (stating that appellant's conduct in failing to fulfill the requirements of service amounted to neglect). Therefore, Parsons's conduct cannot be considered a technical misstep, and we conclude that the trial court did not abuse its discretion in finding that Parsons had failed to satisfy the good-faith effort requirement of *Lamp* and *McCreesh*.

In the alternative, Parsons argues that the trial court erred in failing to consider whether the Defendants had suffered any prejudice. However, an inquiry into prejudice was unnecessary under these circumstances. **See McCreesh**, 888 A.2d at 674 (stating that plaintiff's claims could be dismissed only where "plaintiffs have demonstrated an intent to stall the judicial machinery **or** where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.") (emphasis added). Indeed, since (a) Parsons did not establish that she had engaged in a good-faith effort to secure service upon the Defendants in a timely manner; (b) service was not accomplished within the statute of limitations; and (c) there was no actual notice of the commencement of litigation, it was unnecessary to consider whether the Defendants had suffered any prejudice.[2]

Based upon the foregoing, we conclude that there is no basis to disturb the trial court's grant of the various preliminary objections and dismissal of the action. **See Englert**, 932 A.2d at 128 (concluding that summary judgment was properly entered where appellants could not pursue

---

[2] While the **McCreesh** Court stated these grounds are disjunctive, it analyzed both prongs. **McCreesh**, 888 A.2d at 674; **see also Englert**, 932 A.2d at 127 (addressing each bases of the test set forth in **McCreesh**). Even if we were to address the prejudice prong, we would conclude that the Defendants were prejudiced by the delay in Parsons's notification of the action. The Defendants were not notified of the action until nearly one year after the statute of limitations had expired. **See Englert**, 932 A.2d at 127 (concluding that appellees were prejudiced because they were not provided actual notice of the action until after the statute of limitations had expired); **see also McCreesh**, 888 A.2d at 671 (stating that the purpose of the statute of limitations is to expedite litigation and discourage the presentation of stale claims that would prejudice the defense by such claims).

their negligence claim due to their failure to demonstrate a good faith effort to effectuate service within the statute of limitations); *see also Cahill v. Schults*, 643 A.2d 121, 123 (Pa. Super. 1994) (stating that "[t]he mere filing of a praecipe for a writ of summons, without additional affirmative action to effect service of the writ, does not constitute a good faith effort to notify a defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action.") (citation omitted); *Ferrara*, 636 A.2d at 1153 (stating that appellees "have a reasonable expectation to assure that once the statute of limitations has run they will no longer shoulder the burden of possible litigation.").[3]

In her eighth and twelfth claims on appeal, Parsons challenges the timeliness of the Preliminary Objections filed by ARC and Rusty Smith.[4] Brief for Appellant at 12-13, 15-17. Parsons contends that the sheriff served the Complaint on ARC on April 14, 2014, but ARC did not file its Preliminary Objections until May 16, 2014, well over the twenty-day limit to file preliminary objections. *Id*. at 12, 15. Parsons further contends that the

---

[3] We note that the trial court, without explanation, dismissed ARC's Preliminary Objections as moot despite the fact that Parsons raised separate claims against Rusty Smith, Rose Valley, and ARC in her Complaint. *Cf.* Brief for ARC at 2 n.1 (stating that "[t]he reason for dismissing [ARC's] Preliminary Objections as moot appears to be practical; by sustaining the other preliminary objections, all claims were dismissed."). Nevertheless, the trial court struck Parsons's Writ of Summons and dismissed the Complaint. Thus, despite erroneously dismissing ARC's Preliminary Objections as moot, we conclude that there are no outstanding claims that Parsons may pursue, as the trial court dismissed the entirety of the action with prejudice.

[4] Parsons does not raise any claims involving Rose Valley in this regard.

- 13 -

sheriff served the Complaint on Rusty Smith on April 25, 2014, but Rusty Smith did not file its Preliminary Objections until May 12, 2014, and its Supplemental Preliminary Objections until May 20, 2014. *Id*. at 16-17.[5]

Pennsylvania Rule of Civil Procedure 1026(a) provides, in relevant part, that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading." Pa.R.C.P. 1026(a).

> This twenty day filing period has been interpreted liberally and is permissive rather than mandatory. The decision of whether an extension of time shall be granted is within the discretion of the trial court. A late pleading may be filed if the opposing party is not prejudiced and justice requires. Prejudice results when an opposing party's delay causes a party any substantial diminution in their ability to present factual information in the event of trial.

*Weaver v. Martin*, 655 A.2d 180, 183-84 (Pa. Super. 1995) (citations and quotation marks omitted); *see also Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1285 (Pa. Super. 2013) (stating that Rule 1026(a) "is not mandatory but permissive. We have held that late pleadings may be filed if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court.") (citation omitted). The party with the burden to establish prejudice must demonstrate that they were prejudiced "from the fact that the allegations are offered *late* rather than on time, and not such prejudice as results from the fact that the

---

[5] As part of her eighth claim, Parsons also argues that ARC sent the trial court additional materials following the hearing on the various preliminary objections. Brief for Appellant at 13. However, other than this bald statement, Parsons has not set forth any pertinent analysis or citation to case law to support her proposition. *See* Pa.R.A.P. 2119(a). Thus, Parsons has waived this argument. *See In re Estate of Whitley*, 50 A.3d at 209.

opponent may lose the case on the merits if the pleading is allowed." ***Ambrose v. Cross Creek Condominiums***, 602 A.2d 864, 868 (Pa. Super. 1992) (emphasis in original).

In the action against Rusty Smith, the sheriff served Parsons's Complaint on Rusty Smith on April 25, 2014. N.T., 6/20/14, at 7-8. Rusty Smith's original Preliminary Objections were filed on May 12, 2014, well within the mandated twenty-day period under Rule 1026(a). Thus, Parsons's claims against Rusty Smith are without support in the record.[6]

With regard to ARC, the sheriff served Parsons's Complaint on ARC on April 14, 2014. N.T., 6/20/14, at 7. ARC filed its Preliminary Objections on May 16, 2014, which was twelve days late under Rule 1026(a). However, Parsons has not argued or demonstrated that she suffered prejudice caused by the delay in ARC's filing. ***See Ambrose***, 602 A.2d at 868 (stating that the trial court did not abuse its discretion in refusing to strike the defendant's late-filed preliminary objections where plaintiffs did not aver that they were prejudiced by the delay); ***see also Chester Upland Sch. Dist. v. Yesavage***, 653 A.2d 1319, 1323-24 (Pa. Cmwlth. 1994) (concluding that trial court properly refused to strike the preliminary objections that were filed eighty-five days late where no allegation of prejudice based on the late filing was made).

---

[6] Parsons does not raise any claims regarding Rusty Smith's filing of Supplemental Preliminary Objections.

In any event, even if the trial court had dismissed ARC's Preliminary Objections for being untimely, the issue raised by ARC in the Preliminary Objections could have been raised in a motion for judgment on the pleadings or motion for summary judgment. *See Liberty Mut. Ins. Co.*, 77 A.3d at 1286 (stating that even if the trial court had dismissed the appellees' preliminary objections for being untimely filed, the issues raised by the appellees "would simply be re-raised on judgment to the pleadings or a nonsuit."); *see also Englert*, 932 A.2d at 128 (concluding that summary judgment was properly entered where appellants could not pursue their negligence claim due to their failure to demonstrate a good faith effort to effectuate service within the statute of limitations); *Ferrara*, 636 A.2d at 1153 (concluding that trial court properly granted appellees' motion for judgment on the pleadings where appellant's lack of timely and proper service of the writ of summons resulted in the action being barred by the statute of limitations). Thus, we cannot grant Parsons relief on her claims.

In her seventh claim, Parsons contends that the trial court erred in demanding additional argument on the various preliminary objections following the hearing without providing her notice. Brief for Appellant at 12. Parsons claims that as a result, the Defendants raised legal authority, *i.e.*, *Ferrara, supra*, that was not contained in the briefs supporting the various preliminary objections. *Id*.

Here, following oral argument on the Defendants' various preliminary objections, the trial court scheduled a hearing for June 20, 2014. Trial Court Order, 6/13/14. At the hearing, Parsons's attorney testified and introduced various documents in opposition to the preliminary objections. N.T., 6/20/14, at 8-24. Following the conclusion of the testimony and introduction of documents, the trial court heard argument from the attorneys to address the evidence presented at the hearing in the context of the preliminary objections. *Id*. at 25. Thereafter, the Defendants' attorneys cited case law, including **Ferrara**, in support of their position. *Id*. at 25-30, 32-34.

Based upon this record, we conclude that the trial court did not abuse its discretion in considering further argument following the hearing. Parsons has not established how she was prejudiced by the introduction of applicable case law that was not cited in the briefs supporting the various preliminary objections. Indeed, Parsons had every opportunity to rebut the arguments made by the Defendants. Thus, Parsons's seventh claim is without merit.[7]

In her ninth claim, Parsons additionally contends that the "trial court erred when it ended its normal practice of dismissing [**Lamp**] preliminary

---

[7] Parsons asserts that **Ferrara** is inapplicable in this case because that case is "about service, not notice." Brief for Appellant at 12. However, the **Ferrara** Court, relying upon **Lamp**, concluded that the appellant "did not take any affirmative action to see that the writ was served and to put the defendant on notice that an action had been filed against him." **Ferrara**, 636 A.2d at 1152 (citation omitted). Parsons's interpretation of **Ferrara** is erroneous and does not entitle her relief.

objections without argument or hearing." *Id*. at 13. Parsons cites to two court of common pleas decisions to support her contention. However, it is well-settled that this Court is not bound by decisions of the courts of common pleas. *Liberty Mut. Ins. Co.*, 77 A.3d at 1285. Moreover, to the extent Parsons again argues that the Defendants' various preliminary objections were untimely, we conclude that this argument is without merit based upon the above reasoning. For the foregoing reasons, Parsons's ninth claim is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015