John C. ENGLERT and Renee A. Englert, His Wife, Appellants

v.

FAZIO MECHANICAL SERVICES, INC. and C.J. Timko, Appellees.

Superior Court of Pennsylvania.

Argued April 18, 2006.

Filed Aug. 3, 2007.

Samuel J. Pasquarelli, Pittsburgh, for appellant.

Michael J. McShea, Wexford, for Timko, appellee.

BEFORE: DEL SOLE, P.J.E.,* ORIE MELVIN and TAMILIA, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellants, John and Renee Englert, appeal from the order granting summary judgment in favor of Appellees in this negligence case. On January 18, 2007, the prior decision of this panel affirming the trial court's order was vacated by our Supreme Court, and the case was remanded.[1] After further consideration, and for the following reasons, we affirm.

---

* P.J.E. Del Sole did not participate in the consideration or decision of this matter.

1. *Englert v. Fazio Mechanical Services, Inc.,* 591 Pa. 152, 916 A.2d 527 (2007)(*per curiam* order). Our Prothonotary established a briefing schedule on remand on May 18, 2007. Appellants filed a substituted brief on remand

¶ 2 The trial court accurately summarized the relevant facts and procedural history as follows.

[Appellants'] causes of action stem from a traffic accident which occurred on March 25, 2002. They allege damages caused by the negligence of [Appellee] Timko, acting in the course and scope of his employment with [Appellee] Fazio Mechanical Services, Inc. (Fazio). [Appellants] commenced this case by filing a Praecipe for a Writ of Summons on September 19, 2003. * * * The address [Appellants] gave to the Allegheny County Sheriff's Department to serve Fazio [and Timko], i.e., 56th and Harrison Streets, was taken from the business listings of the "Greater Pittsburgh telephone directory." Fazio had moved from this address on March 21, 2003, almost six months before the original praecipe for writ of summons was filed.

The Allegheny County Sheriff's Department filed a Return of Service on October 23, 2003, indicating that [Appellees] were not found because they had moved. The return gave the new address as 300 South Main Street, Pittsburgh, PA 15215. In Allegheny County, docket entries and the documents are accessible on the Prothonotary's website. [Appellants'] counsel did not check the docket or contact the Sheriff's office to determine whether service of the original writ of summons had been made. Instead, [Appellant's] counsel waited for the Sheriff to mail him a copy of the return. On October 27, 2003, [Appellants'] coun-

on May 31, 2007, and Appellees filed their substituted brief on remand on June 27, 2007. Appellants thereafter filed a motion to strike Appellees' brief which was followed by a request to withdraw the motion to strike. Appellants' request to withdraw their motion to strike Appellees' brief is granted.

sel moved his office and was experiencing failed mail deliveries.

Husband-[Appellant] received a letter from [Appellees'] liability carrier dated March 11, 2004. The letter inquired whether [Appellant–Husband] was "making a claim for his injury" and advised him that "[y]our statute of limitations will end on 3/25/04" and "if you do not present a claim before that date you will be barred from presenting an injury claim." In March 2004, [Appellants'] counsel received a copy of the Sheriff's return via the mail. On March 31, 2004, he filed a Praecipe to Reissue the Writ of Summons. This was two years and six days after the accident.

Trial Court Opinion, 12/16/05, at 1–3 (citations to record and footnote omitted).

¶ 3 After the pleadings were closed, Appellees filed a motion for summary judgment asserting that Appellants' claims were barred by the statute of limitations. The trial court agreed and granted summary judgment in favor of Appellees. This timely appeal followed.

■ ¶ 4 "Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion." *Cruz v. Princeton Ins. Co.*, 2007 PA Super 152, ¶ 7, 925 A.2d 853 (2007) (citation omitted).

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only

when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 589 Pa. 317, 329, 908 A.2d 888, 895–96 (2006) (citations omitted).

■ ¶ 5 It is well settled in this Commonwealth pursuant to *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), and *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 511 A.2d 757 (1986), that service of original process completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service. *Moses v. T.N.T. Red Star Express*, 725 A.2d 792 (Pa.Super.1999), *appeal denied*, 559 Pa. 692, 739 A.2d 1058 (1999). "What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." *Id.* at 796; *Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa.Super.2004) (citations omitted). "[W]here noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." *Farinacci* at 594, 511 A.2d at 759.

■ ¶ 6 In making such a determination, we have explained:

It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of

the action may constitute a lack of good faith on the part of the plaintiff.

*Devine, supra* at 1168 (quoting *Rosenberg v. Nicholson,* 408 Pa.Super. 502, 597 A.2d 145, 148 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 903 (1992)). "[A]lthough there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable." *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa.Super. 69, 658 A.2d 423, 433 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995).

¶ 7 Our Supreme Court remanded this case to this Court for application of its recent decision in *McCreesh v. City of Philadelphia,* 585 Pa. 211, 888 A.2d 664 (2005).[2] In *McCreesh,* the appellant claimed he was injured on August 14, 2000 when a tree struck his vehicle. The appellant filed a praecipe for a writ of summons on August 12, 2002 against the City of Philadelphia where the tree had been growing. The appellant attempted service of the writ via certified mail to the city's law department, and the writ was delivered by the postal service. On November 8, 2002, the appellant filed a complaint and requested reissuance of the writ which was properly served pursuant to the Rules of Civil Procedure. The trial court denied the City's preliminary objections which claimed that proper service was not made within the applicable statute of limitations. The Commonwealth Court granted review and reversed, concluding that the appellant did not make a good faith effort to serve the defendant; it remanded with instructions to the trial court to dismiss the case.

2. In our original disposition, we referenced our Supreme Court's decision in *McCreesh* but did not discuss it at length. It bears mention that, in the parties' substituted briefs on remand, Appellants' discussion of

¶ 8 Our Supreme Court granted allowance of appeal "to clarify what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action." 585 Pa. at 213, 888 A.2d at 665. The Court reviewed the rules set forth in *Lamp* and *Farinacci* as well as the appellate decisions which followed. It also reiterated the well-established principle that the "purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." *Id.* at 222, 888 A.2d at 671 (citation omitted). The Court further observed that, "once the action has been commenced, the defendant must be provided notice of the action in order for the purpose of the statutes of limitations to be fulfilled." *Id.* at 222, 888 A.2d at 671. It quoted *Lamp's* holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 223, 888 A.2d at 672 (quoting *Lamp* at 478, 366 A.2d at 889). The Court also noted that it had "subtly altered" its holding in *Lamp* in *Farinacci* by "requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'" *McCreesh* at 224, 888 A.2d at 672 (quoting *Farinacci* at 594, 511 A.2d at 759). The inquiry into "whether a plaintiff acted in good faith lies within the sound discretion of the trial court." *McCreesh* at 224, 888 A.2d at 672.

¶ 9 The *McCreesh* Court explained that it was "merely reanimating the purpose" of *Lamp,* and it approved of an approach

*McCreesh* begins 15 pages into the argument section of their brief, and Appellees assert that *McCreesh* does not apply to this case at all.

which would dismiss a plaintiff's complaint where he or she either "demonstrated an intent to stall the judicial machinery" or where his or her noncompliance with the procedural rules resulted in prejudice. *Id.* at 227, 888 A.2d at 674. In other words, the Court concluded that where a plaintiff "has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice," noncompliance with the Rules would be excused under *Lamp*. *Id.* at 227, 888 A.2d at 674.

¶ 10 In reversing the Commonwealth Court, the Supreme Court in *McCreesh* emphasized that the appellant provided actual notice to the defendant of the commencement of the suit. *Id.* at 228, 888 A.2d at 674.[3] It further directed the Commonwealth Court to remand for a factual determination of whether the defendant suffered prejudice from the appellant's delay in effectuating service. *Id.* at 228, 888 A.2d at 674.

¶ 11 In the case at bar, the trial court reviewed the facts surrounding the original filing of the praecipe for writ of summons and carefully considered Appellants' actions, as well as their inaction, after September 19, 2003. Trial Court Opinion, 12/16/05, at 2–5. The trial court noted that Appellants had provided an old address for Fazio Mechanical Services, Inc. to the Sheriff and that Fazio had moved from that location on March 21, 2003 six months before. *Id.* at 2–3. Next, the Sheriff's office filed its return of service on October 23, 2003, which not only indicated that Appellees had moved but also provided the new address; a copy of the return was also mailed to Appellants' counsel. *Id.* at 3. The trial court additionally observed that counsel for Appellants had moved his own offices after filing the praecipe for the writ

but, despite experiencing resulting difficulties with mail delivery, nonetheless failed to make any inquiry as to whether service of this writ had been effectuated. *Id.* at 3–5. The trial court further pointed out that Appellees' insurance company had written to Appellants on March 11, 2004 (six months after the writ was issued) inquiring whether Appellants would be making any claim and informing them of the date that the statute of limitations would expire (two weeks after the date of the letter). *Id.* at 3, 5. Each of these factual findings is supported by the record. *See* Certified Record (C.R.) at 3 (Sheriff's Return of Service); C.R. at 14 (Exhibit E to Appellees' motion for summary judgment); C.R. at 16 (Affidavit of counsel for Appellants) at ¶¶ 9, 10, 12, 13; C.R. at 18 (Joint Stipulation of Fact).

¶ 12 The trial court's conclusion that Appellants failed to establish that they made a good faith effort to accomplish service is a factual matter within its sound discretion. *McCreesh* at 224, 888 A.2d at 672.

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Falcone, Inc. v. The Insurance Co. of the State of Pennsylvania*, 907 A.2d 631, 636 (Pa.Super.2006), *appeal denied*, 591 Pa. 679, 917 A.2d 312 (2007) (citation omitted). We discern no abuse of discretion under the circumstances presented here, where Appellants took no action whatsoever once the writ was issued to ascertain whether

---

**3.** Significantly, the Court stopped short of creating an exception to the general rule that a defendant have actual notice of the suit before a *McCreesh* analysis is required, since that issue was not before it. 585 Pa. at 227 n. 20, 888 A.2d at 674 n. 20.

service was properly made and relied instead on counsel's customary practice of waiting for word from the Sheriff's office, no matter how long that might take and in spite of the difficulties he had experienced receiving his mail in a timely manner. Appellants' conduct clearly amounted to "neglect ... to fulfill the responsibility to see that requirements for service [were] carried out." *Devine, supra* at 1168 (citation omitted). In other words, Appellants' inaction demonstrated an intent to stall the judicial machinery which was put into motion by the filing of the initial writ and simply cannot be excused.[4] *McCreesh* at 227, 888 A.2d at 674. Appellants' contention that "[t]he filing of a praecipe for writ of summons and the delivery of the writ *one time* is all that the law requires," Appellants' brief at 17 (emphasis in original), is, quite simply, contrary to the case law in this Commonwealth.

¶ 13 Furthermore, and unlike in *McCreesh*, Appellants did not provide Appellees with actual notice of the commencement of the action within the applicable statute of limitations.[5] Instead, Appellees had only notice that there was a potential for litigation, which is not the same and cannot suffice. *See McCreesh* at 224 n. 17, 888 A.2d at 672 n. 17 (observing that, in *Farinacci*, the defendant "had notice of the potential for litigation, [but] it did not have actual notice of the commencement of the litigation within the statute of limitations period."). In short, our Supreme Court's decision in *McCreesh* to adopt a "more flexible approach" to prevent "dismissing claims based on technical failings"[6] simply does not provide authority for granting relief to Appellants.[7]

4. The assertions by Appellants' counsel that he "could not have known that the initial service failed until after the original writ had expired" and that "it did not matter what the sheriff stated about a new address because the Plaintiffs had two additional years to reinstate the writ and to serve it," Appellants' substituted brief on remand at 23, 32, provide further support for the conclusion that Appellants' inaction amounted to a failure to complete the progression of events necessary to commence an action. This is particularly so in light of counsel's affidavit in which he acknowledges that he has "experienced numerous examples of extremely tardy mail delivery" from county offices such as the sheriff's (C.R. at 16 (Affidavit of counsel for Appellants) at ¶ 12) and that since October of 2003 he "has experienced an inordinate number of failed mail deliveries due to the move of his offices." (*id.* at ¶ 13). The Sheriff's Return with Appellees' correct address was filed of record on October 23, 2003, more than *five months* before the statute of limitations would expire. C.R. at 3. Furthermore, this Court has observed that "it is entirely foreseeable that potential defendants may move" and that a plaintiff is obligated to exercise reasonable diligence in locating a defendant within the limitations period. *Johnson v. Stuenzi*, 696 A.2d 237, 240 (Pa.Super.1997).

5. The Court in *McCreesh* stated that a plaintiff's claims could be dismissed only where "plaintiffs have demonstrated an intent to stall the judicial machinery **or** where plaintiff's failure to comply with the Rules of Civil Procedure has prejudiced defendant." 585 Pa. at 227, 888 A.2d at 674 (emphasis added). Although the Court stated these grounds in the disjunctive and we have already concluded Appellants acted with intent to stall the judicial proceedings, we proceed to examine the second ground just as our Supreme Court did in *McCreesh*. *Id.* at 227, 888 A.2d at 674.

6. *McCreesh* at 224, 888 A.2d at 666.

7. Nor can we envision this case as presenting the hypothetical situation mentioned in *McCreesh* where actual notice may not necessarily be required "so long as prejudice did not result." 585 Pa. at 227 n. 20, 888 A.2d at 674 n. 20. As the *McCreesh* Court also noted, the purpose of a statute of limitations is to expedite litigation and thereby discourage "the presentation of stale claims which may greatly prejudice the defense of such claims." *Id.* at 222, 888 A.2d at 671 (quoting *Ins. Co. of N. Amer. v. Carnahan*, 446 Pa. 48, 51, 284 A.2d 728, 729 (1971)). Statutes of limitations "are vital to the welfare of society and are favored in the law." *Ins. Co. of N. Amer.* at

¶ 14 In conclusion, and based on the foregoing, we discern no error or abuse of discretion in the trial court's conclusion that Appellants failed to demonstrate a good faith effort to effectuate service in this case. Furthermore, application of *McCreesh* does not provide an avenue for Appellants to pursue their claim. Accordingly, there is no basis to disturb the entry of summary judgment in favor of Appellees. *See Devine, supra,* at 1167 (stating that summary judgment is proper if the action is barred by the applicable statute of limitations).

¶ 15 Request to withdraw motion to strike Appellees' brief granted. Order affirmed.

tem; Edwin L. Parsons, individually and D. Terry Keeney, individually, t/d/b/a Ligonier Gardens, a Pennsylvania partnership successor to Fort Ligonier Motor Lodge, a Pennsylvania partnership

Appeal of Edwin L. Parsons, individually and D. Terry Keeney, individually, t/d/b/a Ligonier Gardens, a Pennsylvania partnership successor to Fort Ligonier Motor Lodge, a Pennsylvania partnership, Appellants.

Superior Court of Pennsylvania.

Argued April 25, 2007.

Filed Aug. 13, 2007.

Reargument Denied Oct. 10, 2007.

48, 284 A.2d at 729 (citation omitted). In any event, we decline to extend the longstanding principles of *Lamp* and its progeny beyond the express holding of our Supreme Court in *McCreesh.* "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." *Moses, supra,* 725 A.2d at 801.