J-S73017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NITA M. FANDRAY & A BRIGHT FUTURE ADOPTIONS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ALAN S. BAUM, MATIS BAUM O'CONNOR (FORMERLY MATIS BAUM RIZZA O'CONNOR), & PRO ASSURANCE SPECIALTY INSURANCE, INC. | |
| Appellees | No. 199 WDA 2016 |

Appeal from the Order January 13, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-12-015513

\*\*\*\*\*

| | |
|---|---|
| NITA M. FANDRAY & A BRIGHT FUTURE ADOPTIONS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ALAN S. BAUM, MATIS BAUM O'CONNOR (FORMERLY MATIS BAUM RIZZA O'CONNOR), & PRO ASSURANCE SPECIALTY INSURANCE, INC. | |
| Appellees | No. 200 WDA 2016 |

Appeal from the Order January 13, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-12-015513

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

J-S73017-16

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 17, 2016**

Nita Fandray ("Fandray") and A Bright Future Adoptions, Inc. ("Bright Future"), (collectively "Plaintiffs"), appeal from two orders[1] entered in the Court of Common Pleas of Allegheny County granting summary judgment. The first order, in favor of Alan Baum and Matis Baum O'Connor (formerly Matis Baum Rizza O'Connor) ("Baum"), and the second, in favor of ProAssurance[2] Specialty Insurance Company ("ProAssurance"), resulted in the dismissal of Plaintiffs' Amended Complaint with prejudice. After our review, we affirm.

Fandray, a Pennsylvania attorney, owned and operated an adoption agency, Bright Future. In 2009, Patrick and Kimberly Hannon filed a lawsuit in Lawrence County against another adoption agency, Adoption Related Services, Inc., alleging breach of contract, defamation, and intentional infliction of emotional distress ("the Hannon suit"). The Hannon suit stemmed from the Hannons' efforts to adopt two children from Bright Future and Adoption Related Services, Inc. In 2010, Fandray and Bright Future

---

[1] **See Strausser v. Pramco, III**, 944 A.2d 761, 764 (Pa. Super. 2008) (where multiple defendants in single action are removed from case in piecemeal fashion by separate orders, each separate judgment becomes appealable when matter is resolved against final defendant, and appeal of those orders may be commenced as to all defendants by single notice of appeal taken from order resolving claim against final defendant).

[2] We note that "Pro Assurance" and "ProAssurance" are used interchangeably throughout the trial court record and appellate filings.

were added as defendants in the suit. At that time, Fandray and Bright Future were insured by ProAssurance. ProAssurance assigned Attorney Baum and his firm to represent Plaintiffs in the Hannon suit.

On September 17, 2010, ProAssurance notified the insureds, Fandray and Bright Future, that Baum would represent them and that they were represented under a reservation of rights. Thus, to the extent that the Hannons' claims were not caused by a "professional incident" as defined in the policy, or were specifically excluded from coverage under the policy, there would be no coverage for the claims. ProAssurance explained that it "reserves the right to deny indemnity for any damages awarded in this case for claims excluded from coverage." ProAssurance Letter to Policyholders, 9/17/10. In essence, if the Hannons suit were successful, there was the potential that Fandray and Bright Future would be left to pay a jury award out of personal assets. Notably, the ProAssurance policy contained an "eroding liability" limit, so that when defense costs exceeded $100,000.00, further defense costs would erode the $100,000.00 indemnity coverage. Thus, the longer the action went on, the greater the potential for Fandray and Bright Future to be left with little or no insurance money to pay any jury verdict, should the Hannons ultimately win at trial or on appeal.

On September 21, 2010, Attorney Baum entered his appearance on behalf of Fandray and Bright Future. He filed an Answer and New Matter to Plaintiffs' Amended Complaint, and raised all affirmative defenses Fandray believed protected her and Bright Future in the underlying action. He

participated in discovery, filed a motion for judgment on the pleadings, and prepared a brief in support of that motion. Fandray, an experienced practicing attorney herself, participated in her defense, and she directed Attorney Baum to withdraw the motion for judgment on the pleadings. ***See*** Praecipe to Withdraw Motion, 6/9/11.

By letter dated May 19, 2011, ProAssurance and its outside counsel, Anthony J. Williot, Esquire, advised Fandray that ProAssurance believed a settlement with the Hannons was in Fandray's and Bright Future's best interests. In mid-June, through direct negotiations between ProAssurance and counsel for the Hannons, ProAssurance settled the claim for $62,000.00, within policy limits, without Fandray's consent.

Thereafter, Fandray and Bright Future filed a legal malpractice action against Attorney Baum and his law firm and a breach of contract/bad faith action against ProAssurance ("the Fandray suit"). The Fandray suit alleged that ProAssurance, in bad faith, needlessly settled the Hannon suit for $62,000 because Baum negligently failed to put forth defenses available to Fandray and Bright Future, which would have caused them to be dismissed from the case. The Fandray suit averred that the unwarranted settlement ruined her professionally and financially, devastated her emotionally, and destroyed her adoption agency.

Baum and ProAssurance filed separate motions for summary judgment. The trial court granted both motions. Plaintiffs appealed and they present the following issues for review:

1. Did the trial court abuse its discretion and/or err as a matter of law in granting summary judgment [and] dismissing the complaint against Alan Baum and his law firm?

2. Did the trial court abuse its discretion and/or err as a matter of law in granting summary judgment [and] dismissing the complaint against ProAssurance Specialty Insurance Company?

Appellants' Brief, at 3-4.

We review an appeal of the trial court's entry of summary judgment as follows:

Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122, 124 (Pa. Super. 2007) (citations omitted).

In order to establish legal malpractice, a plaintiff must establish:   1) employment of the attorney or other basis for a duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff.  *Epstein v.*

***Saul Ewing LLP***, 7 A.3d 303, 313 (Pa. Super. 2010); ***Myers v. Robert***

***Lewis Seigle, P.C.,*** 751 A.2d 1182, 1184 (Pa. Super. 2000).

> Pennsylvania Rule of Civil Procedure 1035.2 states, in relevant part:
>
> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law . . . if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2(2).

> Count I of Plaintiffs' Amended Complaint, Negligence/Malpractice,

avers the following:

> Defendants Baum and the Firm negligently *failed to properly assert and prosecute in the Suit the absolute defenses available to Plaintiffs*, said negligence directly and proximately causing the damages set forth herein.
>
> Defendant Baum's negligence and malpractice was the result of his being preoccupied with certain personal, inappropriate desires and interests, and the overt expressions of said interests and desires to Plaintiff Fandray, followed by her rejection of said, said desires and interests being inconsistent with the professional duties and obligations he maintained toward Plaintiffs.

Amended Complaint, 11/14/12, at ¶¶ 19, 20 (emphasis added). In its

Answer, Baum denied the averments, stating that at all relevant times

"Attorney Baum and the Firm exercised the requisite skill, knowledge and

care required of members of the legal profession and adhered to all

applicable professional rules, regulations, laws and guidelines." Answer and New Matter to Plaintiffs' Amended Complaint, 2/4/13, at ¶19. Further, Attorney Baum specifically denied "any type of personal or inappropriate desires and interests towards Ms. Fandray or that he expressed any interests or desires to Ms. Fandray." *Id*. at ¶ 20.

In their Brief in Opposition to Summary Judgment, Plaintiffs acknowledge that Attorney Baum in fact did raise the "absolute defenses of immunity, privilege, statute of limitations, truth, and the corporate veil to the underlying Hannon suit in the Answer and New Mattter he filed." Plaintiffs' Brief in Opposition to Summary Judgment, 1/4/16, at 4. Further, in her deposition, Fandray acknowledged this as well. *See* Fandray Deposition Vol. I, 7/16/14, at 35-36.

The trial court noted that Plaintiffs now state that the legal malpractice emanated from Attorney Baum's failure to "timely prosecute" the defenses and successfully terminate the Hannon suit prior to the date ProAssurance settled the claim in mid-June 2011. However, Attorney Baum entered his appearance on September 21, 2010 and did, as stated above, file an Answer and New Matter containing the absolute defenses. He also drafted and served interrogatories, took depositions and defended depositions, participated in strategy sessions with Fandray, drafted and filed a Motion for Judgment on the Pleadings, and drafted a brief in support of the Motion for Judgment on the Pleadings. Notably, at Fandray's request, Attorney Baum withdrew the Motion for Judgment on the Pleadings on June 9, 2011. Thus,

Plaintiffs claim Baum's failure to have "*timely* prosecuted" the defenses and won a full and final dismissal of all claims within nine months, before ProAssurance settled the claim, fell below the standard of care and thus amounted to legal negligence. As the trial court stated, "It is illogical to require the trial lawyer defending the [u]nderlying [a]ction to structure a defense based upon some fluid, potential deadline[.]" Trial Court Opinion, 4/12/16, at 8. In fact, Fandray acknowledged in her deposition that Attorney Baum was not aware of the settlement until it had occurred. Fandray Deposition, 9/29/14, at 169-70. Further, Fandray admitted that it was ProAssurance's decision to settle the case. *Id.* at 171. Plaintiffs' deadline is arbitrary. We find no abuse of discretion or error of law in the trial court's determination that Plaintiffs have failed to produce evidence of facts essential to show breach of duty or causation, essential elements of their legal malpractice claim. *Englert*, *supra*.

Next, Plaintiffs claim the court erred in granting ProAssurance's motion for summary judgment. In their complaint, Plaintiffs alleged breach of contract and bad faith in connection with ProAssurance's settlement of the Hannon suit. This claim, too, is meritless.

Under the terms of the policy, Fandray and Bright Future granted ProAssurance the right and duty to settle any claims. The policy provides in relevant part:

**E. COVERAGE AGREEMENT RELATING TO THE DEFENSE OF CLAIMS**

> The Company shall have the right and duty to defend any claim against the insured even if any of the allegations are groundless, false or fraudulent. *The Company may make such investigation and settlement of any claim, professional incident or occurrence which may result in a claim, as it deems expedient.*

Social Services Professional Liability Insurance and Commercial General Liability Insurance Policy, 12/08, at 2 (emphasis added).

In mid-June 2011, "through direct negotiations between ProAssurance and counsel for the Hannons, ProAssurance had the opportunity to settle the [Hannon suit] on behalf of Fandray and Bright Future within the policy limits, and therefore without any payment by Fandray or Bright Future." Trial Court Opinion, *supra* at 11. The court determined that by the terms of the policy, there is no question that ProAssurance had the authority to settle the Hannon claim without Fandray's consent and that ProAssurance acted in good faith. We agree that no reasonable juror could decide otherwise. Therefore, we find no abuse of discretion or error of law. *Englert*, *supra*.

Orders affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2016

- 9 -