J-S03014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RAYMOND RONK AND MELISSA BENSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| JUDITH ISRAEL | : | |
| | : | |
| Appellee | : | No. 1099 WDA 2016 |

Appeal from the Order June 27, 2016
in the Court of Common Pleas of Blair County
Civil Division at No(s):  2013 GN 2650

BEFORE:   OLSON, SOLANO, and STRASSBURGER[*], JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED MARCH 17, 2017**

Although counsel for Appellants certainly did not do everything possible to ensure service of process, the trial court erred in granting summary judgment in this case.  Thus, I respectfully dissent and offer the following analysis.

In **McCreesh v. City of Philadelphia**, 888 A.2d 664, 674 (Pa. 2005), our Supreme Court clarified the **Lamp v. Heyman**, 366 A.2d 382 (Pa. 1976) line of cases and held that it is proper "to dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery **or**

_____

[*] Retired Senior Judge assigned to the Superior Court.

where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." (emphasis added).

Instantly, the facts of this case do not support either conclusion. While Appellants waited almost a full year before delivering the writ to the sheriff for service, there is no evidence that this was done with "an intent to stall the judicial machinery." *Id*. Additionally, Appellee has not demonstrated prejudice in this case, and she received actual notice of the lawsuit on November 24, 2014 when she picked up the writ from the sheriff's office.

Moreover, this case is distinguishable from the case relied upon by the trial court and Majority, *Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122 (Pa. Super. 2007). In that case, the sheriff attempted, but did not complete service in October 2003. Counsel for Englert did not make any effort to find out about this failed attempt until six months later, in March 2004. In the case at bar, counsel for Appellants did not demonstrate such dilatory conduct.

Based on the foregoing, the trial court erred in granting summary judgment.