J-A13027-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RHASHEENA GUSSOM, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE TEAGLE, | : | |
| | : | |
| Appellee | : | No. 3245 EDA 2018 |

Appeal from the Order Entered October 3, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 03821 April Term, 2018

BEFORE:  SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED SEPTEMBER 26, 2019**

Although counsel for Appellant failed to ensure service of process within two years of the applicable statute of limitations, the trial court erred in granting Teagle's preliminary objections and dismissing Gussom's complaint with prejudice.  Accordingly, I respectfully dissent.

> [T]he purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims. To this end, our legislature has enacted statutes of limitations that require actions to be "commenced" within certain time-frames depending on the nature of the underlying claims. ***See*** 42 Pa.C.S. §§ 5522–30. A matter "is commenced" when a "document embodying the matter" is filed in the appropriate office. ***See id.*** § 5503. Moreover, the Rules of Civil Procedure promulgated by this Court pursuant to Article V, Section 10(c) of the Pennsylvania Constitution provide that "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." ***See*** Pa.R.C.P. 1007.

* Retired Senior Judge assigned to the Superior Court.

It is self-evident that once the action has been commenced, the defendant must be provided notice of the action in order for the purpose of the statutes of limitation to be fulfilled. Therefore, [our Supreme] Court has set forth rules governing service of original process to ensure such notice. *See* Pa.R.C.P. 400–430. Rules 400 and 400.1 designate who may make service, and Rule 402 provides for the manner of service. …

Rule 401 limits the time between filing and service. Specifically, subsection (a) requires service of original process within thirty days of the issuance of the writ [or the filing of the complaint]. If a plaintiff fails to comply with subsection (a), the claim remains valid so long as the plaintiff complies with the procedures of subsection (b), which allows for reissuance of the writ at "any time and any number of times." Pa.R.C.P. 401(b). Thus, the plain language of the rule allows a plaintiff to commence an action, thereby satisfying the statute of limitations, and yet to delay the provision of notice of the claim to the defendant interminably, thus undermining the purpose of the statute of limitations.

*McCreesh v. City of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005) (some citations and quotation marks omitted).

In *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), our Supreme Court first considered whether a plaintiff who tolls the statute of limitations by commencing an action, but has the writ of summons repeatedly reissued and deliberately fails to provide service to the defendant, is barred from continuing the action. The Court concluded as follows.

[T]here is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the processes of justice as speedy and

- 2 -

efficient as possible. … Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

Accordingly, pursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, … a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

*Id.* at 888-89 (footnotes omitted).

However, this ruling has been eroded by some of this Court's own jurisprudence.

In applying *Lamp* and its progeny, the Commonwealth and Superior Courts have formulated inconsistent rules, sometimes dismissing cases due to plaintiffs' failure to comply strictly with the Rules of Civil Procedure and on other occasions reserving the drastic measure of dismissal for only those cases where the defendant has been prejudiced by plaintiff's failure to comply with the rules.

Upon review of these cases, we conclude that the rigid compliance requirement … line of cases is incompatible with the plain language of Rule 401, the spirit of *Lamp*, and the admonition of Rule 126 to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties. In *Lamp*, we sought to alleviate the hardships caused by plaintiffs who exploited the rules of civil procedure to make an end run around the statutes of limitations.

Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the … line of cases, which, applying *Lamp*, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

In setting forth this rule, we are merely re-animating the purpose of *Lamp* and reigning in the line of cases which have strayed from it. As stated earlier, this Court in *Lamp* attempted to prevent plaintiffs from abusing the liberal rules of civil procedure which had been enacted originally to protect plaintiffs from being thrown out of court despite commencing an action within the applicable limitations period. The cases requiring strict compliance hearken back to these draconian procedures and replace a factual good faith inquiry with an objective bright line standard of compliance that is wholly inconsistent with the concept of good faith.

*McCreesh*, 888 A.2d at 673-74 (Pa. 2005) (footnote and some citations omitted).

Instantly, the facts of this case do not support dismissal. Gussom filed the instant complaint within two years of the accident, tolling the statute of limitations. Teagle was no longer residing at the last known address and thus service, though attempted, was not perfected. Gussom, believing she had located Teagle in Virginia, filed a praecipe to reinstate the complaint on August 22, 2018, more than two years after the accident, and again attempted service. Service was returned to Gussom, but in the meantime Teagle filed preliminary objections based upon, *inter alia*, Gussom's failure to effectuate service prior to the running of the statute of limitations. Believing she had located Teagle in Philadelphia, Gussom filed a second praecipe to reinstate the complaint on September 22, 2018. While Gussom waited four months from when she first filed the complaint to file the first praecipe to reinstate the complaint, at which time it was two years and one month after the accident, there is no evidence that she did so with "an intent to stall the

judicial machinery." *Id.* Additionally, Teagle has not demonstrated prejudice in this case.

Nonetheless, the Majority has hearkened back to the line of cases which have gone in such a direction as to erode the holding and spirit of *Lamp* by concluding that Gussom's inaction evidenced an intent to stall the judicial machinery because she failed to establish that she made a good faith effort to effectuate service. *See* Majority at 7-8 (citing *Englert v. Fazio Mechanical Servs., Inc.*, 932 A.2d 122 (Pa. Super. 2007)). Instead of dismissing only those claims "where plaintiffs have demonstrated **an intent to stall the judicial machinery or** where plaintiffs' failure to comply with the Rules of Civil Procedure **has prejudiced defendant**[,]" *McCreesh* 888 A.2d at 674 (emphasis added), this line of cases instead permits dismissal based upon "[s]imple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out[.]" *Englert*, 932 A.2d at 124, *quoting Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa. Super. 2004). As such, these cases conclude that "conduct that is **unintentional** that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff." *Id.* at 124-25, *quoting Devine*, 863 A.2d at 1168 (emphasis added). This is inconsistent with *Lamp*'s holding and spirit, and has created a trap for the unwary attorney.

Based on the foregoing, I conclude that Gussom satisfied the statute of limitations by timely filing her complaint, and did not act with an intent to

stall the judicial machinery or prejudice Teagle. She attempted service three times within two months of filing the complaint. Accordingly, I would reverse because the trial court erred in granting Teagle's preliminary objections and dismissing Gussom's complaint with prejudice.