J-A26039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEE A. BASTIN AND CONNIE J. BASTIN, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 682 WDA 2019 |
| KEITH A. BASSI AND BASSI MCCUNE, AND VREELAND & ASSOCIATES P.C., A PENNSYLVANIA PROFESSIONAL CORPORATION | : | |

Appeal from the Order Entered April 9, 2019
In the Court of Common Pleas of Washington County Civil Division at
No(s):  No. 2017-3582

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                   **FILED DECEMBER 16, 2019**

Appellants, Lee A. Bastin and Connie J. Bastin, appeal from the order entered on April 9, 2019, which granted the motion for summary judgment filed on behalf of Keith A. Bassi ("Attorney Bassi") and Bassi, McCune, and Vreeland and Associates, P.C. ("Law Firm").  We affirm.

The facts and procedural history of this case are as follows.  On November 2, 2007, Appellants entered into an agreement of sale to purchase 13.329 acres of unimproved land (the "Property") in Washington County, Pennsylvania, for $90,000.00.  Agreement of Sale, 11/2/07, at 1-2.  Prior to closing the purchase transaction, Appellants, through Attorney Bassi, obtained title insurance from Fidelity National Title Insurance ("Fidelity").  Owner's

Policy of Title Insurance, 3/31/08, at 1-7. Subsequently, on March 28, 2008, the deed to the Property was delivered to Appellants.

In September 2013, Appellants and Rice Drilling B, LLC ("Rice Drilling") executed a lease ("Rice Lease") for the oil and gas rights associated with the Property. Rice Drilling Paid Up Oil and Gas Lease, 9/4/13, at 1-14. The Rice Lease, however, was subject to Appellants holding exclusive title to the Property's oil and gas rights. *Id.* On May 19, 2014, Rice Drilling informed Appellants that, on July 29, 2007, their predecessors in title executed an oil and gas lease with Penneco Oil Company ("Penneco Lease"). Rice Drilling Notice of Title Defect, 5/19/14, at 1; Penneco Oil and Gas Lease, 7/27/07, at 1-4. As a result, Rice Drilling released and surrendered its lease with Appellants. In 2014, Penneco Oil Company assigned its lease to Range Resources-Appalachia, LLC, which began paying Appellants royalties in July 2016.

Upon discovery of the title defect, Appellants filed a claim against Fidelity. On June 29, 2017, Fidelity paid Appellants the total purchase price of $90,000.00. Fidelity National Title Insurance Company Letter, 7/14/17, at 1. Less than a month later, on July 21, 2017, Appellants commenced the instant action by filing a praecipe for writ of summons directed to Attorney Bassi and Law Firm. Appellants' Praecipe for Writ of Summons, 7/27/17, at 1. On February 8, 2018, Appellants filed their original complaint. Appellants' Complaint, 2/8/18, at 1-4. Within Appellants' complaint, they alleged that Attorney Bassi committed legal malpractice. *Id.* Specifically, Appellants

asserted that Attorney Bassi was "negligent in failing to discover the existence of the Penneco Lease and/or report it to [Appellants]." *Id.* at ¶ 17. As such, Appellants claimed that they were entitled to damages "measured by[,] (a) the amount of the signing bonus that Rice Drilling would have paid to them under the Rice Lease . . . and (b) the difference between the [] royalties [paid pursuant to the Penneco Lease] and the larger amount of royalties which would have been paid . . . under the Rice Lease." *Id.* at ¶ 18.

On December 27, 2018, following the close of discovery, Bassi and Law Firm filed a motion for summary judgment asserting that Appellants could not prove that Attorney Bassi's alleged negligence was the proximate cause of Appellants' damages. Motion for Summary Judgment, 12/27/18, at 1-13. Appellants filed a response on January 30, 2019. Response to Motion for Summary Judgment, 1/30/18, at 1-14. The trial court granted Attorney Bassi's and Law Firm's motion on April 9, 2019. Trial Court's Order, 4/9/19, at 1-2. This timely appeal followed.[1]

Appellants raise the following issue on appeal:

> Whether the trial court erred as a matter of fact and law when it granted [Attorney Bassi's and Law Firm's] motion for summary judgment where the record . . . when considered in a light most favorable to [A]ppellants, demonstrate[s] that the trier of fact could have reasonably concluded that [Attorney Bassi's] negligence was a substantial factor in causing [A]ppellants harm?

---

[1] Appellants filed a notice of appeal on May 1, 2019. The trial court did not order Appellants to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 10, 2019.

Appellants' Brief at 4.

> We note:
>
> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Englert v. Fazio Mech. Serv.'s, Inc.*, 932 A.2d 122, 124 (Pa. Super. 2007) (internal citations omitted).

Herein, Appellants claim that the trial court erred by granting the summary judgment motion filed by Attorney Bassi and Law Firm. Specifically, Appellants contend that, but for Attorney Bassi's "erroneous title report" they "would not have purchased the Property." Appellants' Brief at 11. Therefore, per Appellants, Attorney Bassi's "negligence was a substantial cause of [their] harm." *Id.*

Preliminarily, we note that Appellants' contention that Attorney Bassi provided an "erroneous title report" is inconsistent with the record. *Id.* at 11. Indeed, upon review, we conclude that Attorney Bassi did not, in fact, conduct a title examination of the Property or issue a title report to Appellants. To the contrary, it is apparent that Attorney Bassi simply obtained title insurance

- 4 -

from Fidelity on behalf of Appellants. **See** Owner's Policy of Title Insurance, 3/31/08, at 1-7. Accordingly, Appellants' claim that they retained Attorney Bassi "to examine title to the Property" and he, in turn, provided a negligent title report, is belied by the record. Appellants' Brief at 7.

Next, we turn to the merits of Appellants' claim. Previously, this Court explained that,

> [t]here are three essential elements which must be established to bring a cause of action for professional negligence. These are:
>
>> 1) [E]mployment of the attorney or other basis for a duty;
>>
>> 2) the failure of the attorney to exercise ordinary skill and knowledge; and
>>
>> 3) that such negligence was the proximate cause of damage to the plaintiff.

**Schenkel v. Monheit**, 405 A.2d 493, 494 (Pa. Super. 1979), *quoting* R. Mallen & V. Levit, Legal Malpractice 123 (1977).

The central issue in the present action is the third of these factors, *i.e.*, whether Appellants can establish "a causal connection between [Attorney Bassi's alleged] negligent conduct and [their] injur[y]." **McPeake v. William T. Cannon, Esquire, P.C.**, 553 A.2d 439, 441 (Pa. Super. 1989).

> 'Proximate' or 'legal' causation [] is defined as [t]hat which, in a natural and continuous sequence, unbroken by any sufficient intervening cause, produces injury, and without which the result would not have occurred. Moreover, [Professor] Prosser has noted that the question of 'proximate' causation,
>
>> [] becomes essentially a question of whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred. Quite often this has been stated, and properly so, as an issue of whether the

> defendant is under any duty to the plaintiff, or whether his duty includes protection against such consequences.
>
> Thus, a defendant will not be found to have had a duty to prevent a harm that was not a reasonably foreseeable result of the prior negligent conduct. The rationale behind this rule is that it would be unfair to impose a duty upon persons to prevent a harm that they could not foresee or avoid.

*Id.* at 441-442 (internal citations omitted).

Herein, we agree that, even if we assume Attorney Bassi was negligent and failed to advise Appellants of the existence of the Penneco Lease, this failure did not cause Appellants' alleged injury. *See* Trial Court Opinion, 6/10/19, at 2. Indeed, Rice Drilling terminated the lease with Appellants because of the existence of the Penneco Lease, which pre-dated Attorney Bassi's and the Law Firm's involvement with the Property. Thus, Attorney Bassi's alleged omission did "not result in Rice [Drilling's] refusal to pursue an [o]il and [g]as lease with [Appellants]." *Id.* at 2. Accordingly, Appellants "cannot establish the element of proximate cause." *Id.* As such, the trial court correctly granted Attorney Bassi and Law Firm's motion for summary judgment and we affirm that decision.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/16/2019</u>