J-S35002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FAYLYN M. KNAPP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL P. KNAPP, JR. | : | No. 224 MDA 2025 |

Appeal from the Order Entered January 22, 2025
In the Court of Common Pleas of Tioga County Civil Division at No(s):
0514-CV-2022

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:               **FILED: FEBRUARY 19, 2026**

Appellant, Faylyn M. Knapp, appeals from the order entered on January 22, 2025, which granted the motion for summary judgment filed by Daniel P. Knapp, Jr. ("the Defendant").  We affirm.

On August 12, 2022, Appellant filed a *praecipe* for a writ of summons, naming the Defendant as the sole defendant in the action.  In an apparent attempt to serve the writ, Appellant's counsel contacted an attorney who had represented the Defendant in a prior domestic relations proceeding.  Trial Court Opinion, 4/9/25, at 2; *see also* N.T. Summary Judgment, 11/22/24, at 3.  That attorney informed Appellant's counsel "that she would not accept service [of the writ] on [the Defendant's] behalf."  Trial Court Opinion, 4/9/25, at 2; *see also* N.T. Summary Judgment, 11/22/24, at 3.  The writ of summons was thus never served upon the Defendant; moreover, Appellant did not seek the reissuance of the writ.

Instead, on September 19, 2022, Appellant filed a civil complaint against the Defendant. **See** Appellant's Complaint, 9/19/22, at 1-3. In this complaint Appellant averred that, on September 4, 2020, "[the Defendant] intentionally and viciously physically assaulted and attempted to strangle [Appellant], resulting in physical and mental and emotional injuries." Appellant's Complaint, 9/19/22, at ¶ 4. The complaint sought monetary relief against the Defendant for the September 4, 2020 assault. **See id.** at Count I and Count II. Further, Appellant averred that the Defendant pleaded guilty to a variety of crimes arising out of the September 4, 2020 assault, including second-degree felony strangulation; and, on January 21, 2022, the trial court sentenced the Defendant to serve "a minimum term of 24 months" in prison for this conviction. **Id.** at ¶¶ 5-6.

The sheriff served the Defendant with the complaint on September 28, 2022, at Pennsylvania State Correctional Institute ("SCI") Benner.[1] **See** Sheriff's Return of Service, 10/4/22, at 1.

The Defendant filed a timely answer and new matter to Appellant's complaint. As is relevant to the current appeal, the Defendant's new matter pleaded the affirmative defense of statute of limitations. Specifically, the Defendant claimed that Appellant's tort action accrued on September 4, 2020, when she was assaulted. Since this action is subject to the two-year statute of limitations set forth in 42 Pa.C.S.A. § 5524(1) and (2) and, since Appellant

---

[1] SCI Benner is located in Centre County, Pennsylvania.

did not file her complaint until September 19, 2022, the Defendant claimed that Appellant's cause of action is barred by the statute of limitations. The Defendant's Answer and New Matter, 11/7/22, at ¶¶ 11-15. Moreover, the Defendant claimed that the statute of limitations was not tolled by Appellant's *praecipe* for a writ of summons, as the writ was neither served on the Defendant nor reissued, and Appellant did not make a good faith effort to serve the Defendant with the writ. *Id.* at ¶ 14.

On October 30, 2024, the Defendant filed a "Motion for Judgment on the Pleadings and/or in the Alternative, Motion for Summary Judgment" ("the Defendant's Motion") and sought the dismissal of Appellant's complaint, based upon the running of the statute of limitations. The Defendant's Motion, 10/30/24, at 1-2. The trial court treated the motion as one for summary judgment and, on January 22, 2025, the trial court granted the Defendant's motion and dismissed Appellant's complaint. Trial Court Order, 1/22/25, at 1; *see also* Trial Court Opinion, 4/9/25, at 2 (stating that The Defendant's Motion was a summary judgment motion). Appellant filed a timely notice of appeal and raises the following claims to this Court:

> 1. Whether the trial court erred in dismissing [Appellant's] complaint based upon the defense of statute of limitations, when, in fact, the action was initiated within the applicable period for the statute of limitations and a complaint was filed and served[?]
>
> 2. Where the trial court authorized the filing of an amended complaint was any applicable statute of limitations defense cured?

Appellant's Brief at 4.

As we have explained:

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Straw v. Fair*, 187 A.3d 966, 982 (Pa. Super. 2018) (quotation marks and citations omitted); *see also Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) ("an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals").

On appeal, Appellant claims that the trial court erred in dismissing her complaint based upon the defense of statute of limitations, as she filed a *praecipe* for writ of summons prior to the expiration of the statute of limitations and later filed a complaint; Appellant also claims that her filing of

an amended complaint "cured" the statute of limitations violation. Appellant's Brief at 9-14. These claims fail.

In Pennsylvania, "[an] action may be commenced by filing with the prothonotary: (1) a *praecipe* for a writ of summons, or (2) a complaint." Pa.R.C.P. 1007. As Pennsylvania Rule of Civil Procedure 401(a) provides: "[o]riginal process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint."[2] Pa.R.C.P. 401(a). If service is not made within the requisite 30 days, "the prothonotary upon *praecipe* . . . shall continue its validity by designating the writ as reissued or the complaint as reinstated." Pa.R.C.P. 401(b)(1). A writ may be reissued or a complaint reinstated "at any time and any number of times." Pa.R.C.P. 401(b)(2). Further, Pennsylvania Rule of Civil Procedure 401(b)(5) provides:

> If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff, instead of reissuing the writ, may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

Pa.R.C.P. 401(b)(5).

_____

[2] We note that the Defendant was incarcerated at SCI Benner, in Centre County, Pennsylvania, at the time Appellant filed her *praecipe* for a writ of summons; he was later served with Appellant's complaint at SCI Benner on September 28, 2022.

- 5 -

"The filing of a *praecipe* for a writ of summons or a complaint to commence an action is sufficient to toll the running of the statute of limitations, if the plaintiff makes a good faith effort to serve the writ or complaint in compliance with the other applicable rules of court." **Devine v. Hutt**, 863 A.2d 1160, 1167 (Pa. Super. 2004); **see also Englert v. Fazio Mech. Servs., Inc.**, 932 A.2d 122, 125 (Pa. Super. 2007) ("[o]nce an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service"). As our Supreme Court has held:

> [pursuant to the Pennsylvania Supreme Court's opinion in **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976) and its progeny, a plaintiff must] make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, . . . a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

**Gussom v. Teagle**, 247 A.3d 1046, 1057 (Pa. 2021). "What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." **Moses v. T.N.T. Red Star Exp.**, 725 A.2d 792, 796 (Pa.

- 6 -

Super. 1999). "The inquiry into whether a plaintiff acted in good faith lies within the sound discretion of the trial court." **Englert**, 932 A.2d at 125 (quotation marks and citations omitted).

As Appellant admits, her cause of action for assault accrued on September 4, 2020, when the Defendant assaulted her. **See** Appellant's Complaint, 9/19/22, at ¶ 4; **Wilson v. El-Daief**, 964 A.2d 354, 361 (Pa. 2009) ("the general rule [is] that a cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted"). The tort of assault is subject to a two-year statute of limitations. **See** 42 Pa.C.S.A. § 5524(1) and (2).

Appellant commenced the current action within the applicable time limits, when she filed her August 12, 2022 *praecipe* for writ of summons. However, Appellant neither served the writ upon the Defendant nor reissued the writ. Instead, on September 19, 2022 – after the statute of limitations expired – Appellant filed a complaint against the Defendant. Although the filing of the complaint may constitute "alternative original process and as the equivalent for all purposes of a reissued writ," the statute of limitations is not tolled unless Appellant made "a good-faith effort in diligently and timely serving process on" the Defendant Pa.R.C.P. 401(b)(5); **Gussom**, 247 A.3d at 1057. The Defendant thus eventually filed a summary judgment motion and claimed that Appellant's action was barred by the two-year statute of limitations. The Defendant's Motion, 10/30/24, at 1-2.

In accordance with our Supreme Court's precedent, Appellant was tasked with the "evidentiary burden to demonstrate that she . . . [made] a good-faith effort [to] diligently and timely serv[e] process on [the Defendant]." **Gussom**, 247 A.3d at 1057. As the trial court explained, Appellant did not carry this burden:

> Appellant maintained . . . that [she] had made a good-faith effort to effect service by contacting prior counsel of [the Defendant,] who represented [the Defendant] in [an unrelated] divorce proceeding[. According to Appellant, this prior counsel] informed Appellant that she would not accept service on [the Defendant's] behalf.
>
> . . .
>
> In granting the motion for summary judgment . . . , [the trial] court noted that no evidence was placed on the record supporting the contention that a good-faith effort had been made to provide service to [the] Defendant. . . . In addition, at the time the writ of summons was filed . . . [the] Defendant was incarcerated in state prison on a criminal conviction, of which Appellant was the victim, arising out of the same conduct supporting the civil assault claim. Where Appellant had such reason to know, or at least the means to ascertain, [the Defendant's] whereabouts, it is difficult to conclude that merely reaching out to [the Defendant's prior counsel in an unrelated proceeding] (even if established by sufficient evidence on the record), rather than attempting to serve [the] Defendant directly at the appropriate prison, constitutes a good-faith effort to provide him notice.

Trial Court Opinion, 4/9/25, at 1-2.

The trial court's factual finding that Appellant did not "make a good-faith effort in diligently and timely serving process on" the Defendant is supported by the record and was within its discretion. **See Englert**, 932 A.2d at 125 ("[t]he inquiry into whether a plaintiff acted in good faith lies within the sound

discretion of the trial court"); *see also Commonwealth v. Cook*, 231 A.3d 913, 919 (Pa. Super. 2020) ("an abuse of discretion occurs only where the trial court has reached a conclusion that overrides or misapplies the law, or when the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias or ill-will"). The trial court's factual finding is thus binding on this Court. Hence, we conclude that Appellant's first claim on appeal fails, as Appellant filed her complaint after the two-year statute of limitations expired and her lack of good faith in serving process on the Defendant did not toll the statute of limitations.

Further, as to Appellant's second numbered claim, we fail to see (and Appellant fails to explain) how the filing of an amended complaint would "cure any applicable statute of limitations defense" when it, too, was filed outside of the two-year statute of limitations period. *See* Appellant's Brief at 13-14; *see also* Appellant's Amended Complaint, 4/20/23, at ¶ 1 (again admitting that the assault occurred on September 4, 2020). Rather, the same analysis that found Appellant's action barred by the two-year statute of limitations applies to Appellant's amended complaint. *See supra* at **5-9.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/19/2026